IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| PERMOBIL INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: |
| SUNRISE MEDICAL HHG, INC., | ) **TRIAL BY JURY DEMANDED** |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF PATENT**

Plaintiff, Permobil Inc., by and through its undersigned counsel, alleges as follows:

## THE PARTIES

1. Plaintiff Permobil Inc. is a Tennessee corporation, having a principal place of business at 300 Duke Drive, Lebanon, Tennessee 37090 ("Permobil").

2. On information and belief, Defendant Sunrise Medical HHG, Inc. is a California corporation having a place of business at 7477 East Dry Creek Parkway, Longmont, Colorado 80503 ("Sunrise").

## BASIS OF SUBJECT MATTER JURISDICTION

3. This Court has subject matter jurisdiction over this patent action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

1

## BASIS OF SUBJECT MATTER JURISDICTION

4.   United States Patent No. 7,896,394 (the "394 patent") issued on March 1, 2011. The 394 patent lists Mark A. Jackson, John J. Tarter, Mark E. Greig, Rex W. Stevens, James M. Koerlin, Samuel D. Traxinger, Daniel Z. Zhou, and Allen B. Killebrew as its inventors, and is related to a midwheel drive wheelchair. A true and correct copy of the 394 patent is attached hereto as Exhibit A.

5.   Upon information and belief, Sunrise is the owner of the 394 patent.

6.   On March 17, 2011, counsel for Sunrise sent Permobil a letter stating that Sunrise employees had seen Permobil's M300 wheelchair at a tradeshow and that Sunrise would like to be able to inspect the M300 wheelchair to determine if the M300 wheelchair infringes the 394 patent. A copy of the March 17, 2011 letter is attached as Exhibit B.

7.   Permobil allowed Sunrise representatives to make such an inspection of the M300 wheelchair, and, subsequently, on April 29, 2011, counsel for Sunrise sent Permobil another letter stating that, after inspecting Permobil's M300 wheelchair, Sunrise believed that Permobil's M300 wheelchair infringes the 394 patent. The letter also included claims charts detailing Sunrise's allegations of infringement. A copy of the April 29, 2011 letter is attached as Exhibit C.

8. On May 13, 2011, Permobil sent a letter to Sunrise explaining in detail why Permobil believes that the M300 does not infringe the 394 patent and that the 394 patent is invalid. A copy of the May 13, 2011 letter is attached as Exhibit D.

9. On May 19, 2011, Sunrise responded with a letter from its counsel wherein Sunrise stated, among other things, that it found Permobil's "non-infringement argument to be lacking," that Permobil's May 13, 2011 letter "is not serious . . . but is just posturing," and that "Sunrise has no intention of continuing the legal debate *ad infinitum*." Sunrise also reasserted its belief that the M300 infringed the 394 patent and asserted that the 394 patent was valid. In addition, Sunrise stated that Sunrise has "an exceptionally strong infringement position in Europe" against Permobil, that Sunrise would pursue new claims in a pending United States patent application that read on Permobil's M300 wheelchair, and that, if Permobil did not respond to Sunrise's May 19, 2011 letter or make an "earnest proposal" in response to the letter, Sunrise would seek an injunction against Permobil in Germany. A copy of the May 19, 2011 letter is attached as Exhibit E.

## FIRST CLAIM FOR RELIEF—NON-INFRINGEMENT OF THE 394 PATENT

10. Permobil incorporates by reference, as if fully set forth here, all preceding paragraphs of this complaint.

11. This is an action for declaratory judgment of non-infringement of any and all claims of the 394 patent.

12. Sunrise continues to allege that Permobil has infringed certain claims of the 394 patent, and Permobil continues to deny any infringement.

13. Permobil has not infringed and does not infringe (directly, contributorily and/or by active inducement – literally and/or under the doctrine of equivalents) any claim of the 394 patent.

14. Accordingly, and under the circumstances, there is a substantial controversy between Permobil and Sunrise, who have adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

15. Permobil desires and requests a judicial declaration that Permobil has not infringed and does not infringe any of the claims of the 394 patent.

## SECOND CLAIM FOR RELIEF—INVALIDITY OF THE 394 PATENT

16. Permobil incorporates by reference, as if fully set forth here, all preceding paragraphs of this complaint.

17. This is an action for declaratory judgment of invalidity of any and all claims of the 394 patent.

4

18. Sunrise continues to allege that Permobil has infringed certain claims of the 394 patent, and that the 394 patent was duly and legally issued. Permobil continues to deny any infringement or that the 394 patent was duly and legally issued.

19. Permobil believes that the asserted claims of the 394 patent, as properly construed, are invalid for failure to satisfy one or more requirements of Part II of Title 35 of the United States Code, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

20. Accordingly, and under the circumstances, there is a substantial controversy between Permobil and Sunrise, who have adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

21. Permobil desires and requests a judicial declaration that any and all of the claims of the 394 patent are invalid.

## JURY DEMAND

22. Permobil demands a trial by jury on all issues so triable in this complaint.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, Permobil requests judgment as follows:

A) A judgment declaring that Permobil has not infringed and does not infringe in any manner any claim of the 394 patent.

B) A judgment declaring that any and all of the claims of the 394 patent are invalid.

C) A judgment determining this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling Permobil to an award of its reasonable attorneys fees, expenses, and costs in this action; and

D) For such other and further relief, in law or in equity, as this Court deems just.

Respectfully submitted,

Dated: May 27, 2011

Jennifer L. Finger, Tenn. 24905
Permobil Inc.
300 Duke Drive
Lebanon, TN 37090
Phone: (615) 470-2470
jennifer.finger@permobilus.com

Patrick J. Arnold Jr. (*pro hac vice*)
David Z. Petty (*pro hac vice*)
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, IL 60661
Phone: (312) 775-8000
Fax: (312) 775-8100
parnold@mcandrews-ip.com
dpetty@mcandrews-ip.com

**ATTORNEYS FOR PLAINTIFF PERMOBIL INC.**